IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC. and PF PRISM IMB B.V. )
                                  )
          Plaintiffs,             )
                                  )
    v.                            )          C.A. No. _____
                                  )
BIOCON LIMITED, BIOCON PHARMA     )
LIMITED, and BIOCON PHARMA, INC.  )
                                  )
          Defendants.             )

**COMPLAINT**

Plaintiffs Pfizer Inc. and PF PRISM IMB B.V. (collectively, "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendants Biocon Limited, Biocon Pharma Limited, and Biocon Pharma, Inc. (collectively, "Defendants" or "Biocon"), allege as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and in particular under 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, arising from Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 221262 to the United States Food and Drug Administration ("FDA"), seeking approval to commercially market a generic version of Plaintiffs' CIBINQO (abrocitinib) tablets, prior to the expiration of United States Patent No. 9,035,074 ("the '074 patent").

**THE PARTIES**

2.      Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 66 Hudson Boulevard East, New York, NY 10001.

3.      Plaintiff PF PRISM IMB B.V. is a private limited company (*besloten venootschap*) organized under the law of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.

4.      Upon information and belief, defendant Biocon Limited is a corporation organized under the laws of India, having a principal place of business at 20th KM, Hosur Road, Electronic City, Bangalore-560100, Karnataka, India.

5.      Upon information and belief, defendant Biocon Pharma Limited is a corporation organized under the laws of India, with its principal place of business at 20th KM, Hosur Road, Electronic City, Bangalore-560100, Karnataka, India.

6.      Upon information and belief, defendant Biocon Pharma, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 485 US Highway 1 S B305, Iselin, New Jersey 08830.

7.      Upon information and belief, Biocon Pharma, Inc. is a wholly-owned subsidiary of Biocon Pharma Limited.

8.      Upon information and belief, Biocon Pharma Limited is a wholly-owned subsidiary of Biocon Limited.

9.      Upon information and belief, Biocon Limited, Biocon Pharma Limited, and Biocon Pharma, Inc. acted in concert in the preparation and submission of ANDA No. 221262.

**THE PATENT-IN-SUIT**

10.     On May 19, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '074 patent, entitled "Pyrrolo[2,3-D]Pyrimidine Derivates."  A copy of the '074 patent is attached to this Complaint as Exhibit A.

11.    Pfizer Inc. is the owner and assignee of the '074 patent.

12.    PF PRISM IMB B.V. is the exclusive licensee of the '074 patent.

## CIBINQO®

13.    Pfizer Inc. holds approved New Drug Application No. 213871 for 50 mg, 100 mg, and 200 mg abrocitinib tablets, which are sold under the registered name CIBINQO®.

14.    CIBINQO® tablets are approved for the treatment of adult and pediatric patients 12 years of age and older with refractory, moderate-to-severe atopic dermatitis.

15.    Pursuant to 21 U.S.C. § 355(c)(2), and attendant FDA regulations, the '074 patent is listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to CIBINQO®.

## BIOCON'S ANDA

16.    By letter dated March 11, 2026 (the "Notice Letter"), defendant Biocon Pharma Limited notified Pfizer Inc. that it has submitted ANDA No. 221262 to the FDA pursuant to 21 U.S.C. § 355(j), seeking approval for Abrocitinib tablets, 50 mg, 100 mg, and 200 mg (the "Biocon ANDA Product"), prior to the expiration of the '074 patent.

17.    Upon information and belief, the Biocon ANDA Product is a generic copy of CIBINQO®.

18.    In the Notice Letter, defendant Biocon Pharma Limited represents that it certified to the FDA that the claims of the '074 patent are "invalid and/or will not be infringed by the commercial manufacture, use, and/or sale of the drug product described in Biocon's ANDA" (the "Paragraph IV Certification").

3

19. The Notice Letter included a detailed statement purporting to assert the legal and factual bases for the Paragraph IV Certification set forth in Biocon's ANDA concerning the '074 patent ("Detailed Statement").

20. Upon information and belief, if the FDA approves Biocon's ANDA No. 221262, Defendants will manufacture, distribute, import, offer for sale, and/or sell the Biocon ANDA Product throughout the United States, including within the State of Delaware.

21. This action is being filed within 45 days of Plaintiffs' receipt of Biocon's Notice Letter.

**JURISDICTION AND VENUE**

22. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

23. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

24. This court has personal jurisdiction over defendant Biocon Limited by virtue of, *inter alia*, its regular transaction and/or solicitation of business in this State and its systematic and continuous contacts with the State of Delaware. Upon information and belief, Biocon Limited, directly or indirectly through its subsidiaries Biocon Pharma Limited and Biocon Pharma, Inc., develops, manufactures, distributes, sells, and/or imports generic drugs throughout the United States and in this judicial district. Furthermore, by continuously placing its products into the stream of commerce for distribution and consumption in Delaware, and throughout the United States, defendant Biocon Limited has purposefully conducted and continues to conduct business within this judicial district, and this judicial district is a likely destination of Biocon's ANDA Product upon approval of Biocon's ANDA No. 221262.

25.     This court has personal jurisdiction over defendant Biocon Pharma Limited by virtue of, *inter alia*, its regular transaction and/or solicitation of business in this State and its systematic and continuous contacts with the State of Delaware.  Upon information and belief, Biocon Pharma Limited, directly or indirectly, develops, manufactures, markets, imports, and/or sells generic drugs throughout the United States and in this judicial district.  Furthermore, by continuously placing its products into the stream of commerce for distribution and consumption in Delaware, and throughout the United States, defendant Biocon Pharma Limited has purposefully conducted and continues to conduct business within this judicial district, and this judicial district is a likely destination of Biocon's ANDA Product upon approval of Biocon's ANDA No. 221262.

26.     This court has personal jurisdiction over defendant Biocon Pharma, Inc., by virtue of, *inter alia*, its regular transaction and/or solicitation of business in this State and its systematic and continuous contacts with the State of Delaware.  Upon information and belief, Biocon Pharma, Inc. is a Delaware corporation that engages in the commercialization of generic drug products throughout the United States, including in Delaware.  Furthermore, by continuously placing its products into the stream of commerce for distribution and consumption in Delaware, and throughout the United States, defendant Biocon Pharma, Inc. has conducted and continues to conduct business within this judicial district, and this judicial district is a likely destination of Biocon's ANDA Product upon approval of Biocon's ANDA No. 221262.

27.     Upon information and belief, Biocon Limited, Biocon Pharma Limited, and Biocon Pharma, Inc. are agents of each other and/or operate in concert as integrated parts of the same business group with respect to the regulatory approval, marketing, and distribution of generic pharmaceutical drugs throughout the United States, including Biocon's ANDA Product.

28.     Upon information and belief, Defendants have previously been sued in this judicial district without challenging personal jurisdiction and have availed themselves of the jurisdiction of this Court by previously asserting counterclaims in this district.  *See, e.g., Exelixis, Inc. v. Biocon Pharma Limited et al.*, C.A. No. 25-452-RGA, D.I. 15 (D. Del.); *Novo Nordisk Inc. et al. v. Biocon Pharma Ltd. et al.*, C.A. No. 22-937-CFC, D.I. 13 (D. Del.); *Novo Nordisk Inc. et al. v. Biocon Pharma Ltd. et al.*, C.A. No. 22-936-CFC, D.I. 13 (D. Del.); and *Novartis Pharmaceuticals Corp. v. Alkem Laboratories Ltd.*, C.A. 19-1979-RGA. D.I. 56 (D. Del.).

29.     Venue is proper in this Court for Biocon Limited under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Biocon Limited is not a resident of the United States and may thus be sued in any judicial district.

30.     Venue is proper in this Court for Biocon Pharma Limited under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Biocon Pharma Limited is not a resident of the United States and may thus be sued in any judicial district.

31.     Venue is proper in this Court for Biocon Pharma, Inc. under 28 U.S.C. § 1400(b) because, upon information and belief, Biocon Pharma, Inc. is incorporated under the laws of the State of Delaware and therefore resides in the District of Delaware.

## COUNT I
### (Infringement of the '074 patent)

32.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-31 of this Complaint.

33.     Defendants' submission of ANDA No. 221262,  with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), by which Defendants seek FDA approval to engage in the commercial manufacture, use, sale, offer to sell, or importation of the Biocon ANDA Product prior

to the expiration of the '074 patent, constituted an act of infringement of the '074 patent under 35 U.S.C. § 271(e)(2)(A).

34.    Upon information and belief, Defendants actively and knowingly caused to be submitted, assisted with, participated in, encouraged, contributed to, aided and abetted, and/or directed the preparation and submission of ANDA No. 221262.

35.    Defendants' commercial manufacture, sale, offer for sale, or use of the Biocon ANDA Product within the United States, or importation of the Biocon ANDA Product into the United States, during the term of the '074 patent would infringe one or more claims of the '074 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.  In its Notice Letter and accompanying Detailed Statement, Biocon Pharma Limited does not contest infringement of the '074 patent.

36.    Upon information and belief, Defendants have acted with full knowledge of the '074 patent and without a reasonable basis for believing that they would not be liable for infringement of the '074 patent.  Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Biocon ANDA Product with its proposed labeling immediately and imminently upon approval of Biocon's ANDA No. 221262.  Upon information and belief, through such activities, Defendants specifically intend infringement of the '074 patent.

37.    Upon information and belief, if the FDA approves Biocon's ANDA No. 221262, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent, and will do so immediately and imminently upon approval.

38. Upon information and belief, Defendants know that Biocon's ANDA Product is especially made or adapted for use in infringing the '074 patent, and that Biocon's ANDA Product is not suitable for any substantial non-infringing use.

39. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '074 patent.

40. Plaintiffs have no adequate remedy at law.

41. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT II
### (Declaratory Judgment of Infringement of the '074 Patent)

42. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-41 of this Complaint.

43. Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Defendants will infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent upon approval of Biocon's ANDA No. 221262.

44. Defendants' commercial manufacture, sale, offer for sale, or use of the Biocon ANDA Product within the United States, or importation of the Biocon ANDA Product into the United States, during the term of the '074 patent would infringe one or more claims of the '074 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents. In its Notice Letter and accompanying Detailed Statement, Biocon Pharma Limited does not contest infringement of the '074 patent.

45. Upon information and belief, Defendants have acted with full knowledge of the '074 patent and without a reasonable basis for believing that they would not be liable for infringement of the '074 patent. Notwithstanding this knowledge, Defendants have continued to

assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of the Biocon ANDA Product with its proposed labeling immediately and imminently upon approval of Biocon's ANDA No. 221262. Upon information and belief, through such activities, Defendants specifically intend infringement of the '074 patent.

46. Upon information and belief, if the FDA approves Biocon's ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent, and will do so immediately and imminently upon approval.

47. Upon information and belief, Defendants know that Biocon's ANDA Product is especially made or adapted for use in infringing the '074 patent, and that Biocon's ANDA Product is not suitable for any substantial non-infringing use.

48. Thus, there is a substantial and immediate controversy between Plaintiffs and Biocon concerning infringement of the '074 patent.

49. Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '074 patent.

50. Plaintiffs have no adequate remedy at law.

51. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.   A judgment that Defendants have infringed the '074 patent pursuant to 35 U.S.C. § 271(e)(2)(A) by submitting to the FDA and maintaining ANDA No. 221262;

9

B.      A judgment declaring that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Biocon's ANDA Product will directly infringe, induce, and/or contribute to infringement of the '074 patent under 35 U.S.C. § 271(a), (b), and/or (c);

C.      An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of approval of ANDA No. 221262 shall be a date not earlier than the expiration of the '074 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

D.      A judgment pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 preliminarily and permanently enjoining Defendants, their officers, agents, servants, and employees, and those persons acting in privity or concert with them, from manufacturing, using, offering to sell, or selling Biocon's ANDA Products within the United States, or importing Biocon's ANDA Products into the United States, prior to the expiration of the '074 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

E.      If Defendants commercially manufacture, use, offer to sell, or sell the Biocon ANDA Product within the United States, or import the Biocon ANDA Product into the United States, prior to the expiration of the '074 patent, including any extensions, a judgment awarding damages to Plaintiffs resulting from such infringement, together with interest;

F.      A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees incurred in this action;

G.      A judgment awarding Plaintiffs costs and expenses incurred in this action; and

H.      Such further and other relief as this Court may deem just and proper.

10

OF COUNSEL:

Elizabeth Holland
John P. Scheibeler
Amit H. Thakore
Ryan Curiel
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020
(212) 819-8200

April 16, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Pfizer Inc. and
PF PRISM IMB B.V.*

11